# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R.R., A Minor by and through ROCHELLE RICHARDSON, his guardian : : : : **Plaintiff** : : v. : : **CORRECTIONS OFFICER CHAD STAKE, CORRECTIONS OFFICER MANNIE ROSE**, and **CORRECTIONS OFFICER CO BARDNER** : : : : **Defendants** : | CIVIL ACTION NO. 1:10-CV-1442 (Judge Conner) |

## **MEMORANDUM**

This is a civil rights action filed by plaintiff R.R., a minor, by and through Rochelle Richardson, his guardian against Corrections Officer Chad Stake ("CO Stake"), Corrections Officer Mannie Rose ("CO Rose"), and Corrections Officer CO Bardner ("CO Bardner"). Presently before the court is a motion (Docs. 12) to dismiss the complaint, pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons that follow, the court will deny the motion.

**I.   Statement of Facts**[1]

This case arises out of incidents that occurred in or around May 2010 in the Dauphin County Prison ("DCP"), in Dauphin County, Pennsylvania. R.R., a minor, is currently housed at DCP pending trial for unrelated matters. (Doc. 1 ¶ 1). According to the complaint, in early May 2010, while in pretrial detention at DCP, CO Stake physically assaulted R.R. (Id. ¶ 9). As a result of the attack, R.R. asserts that he sustained cuts to his eye and lip and bruises and abrasions to his face. (Id.) R.R. avers that the assault by CO Stake was carried out in retaliation for R.R.'s participation in an interview with a Dauphin County Criminal Investigation Division investigator ("CID investigator"). (Id. ¶ 10). Subsequently, in late May 2010, R.R. alleges he was physically assaulted for a second time, this time by CO Rose and CO Bardner, who, R.R. claims, punched and kicked him. (Id. ¶ 11). R.R. contends this assault was unprovoked and caused him to strike back in self-defense. (Id. ¶¶ 11, 12). R.R. alleges that he was subject to administrative punishment, and later criminal charges for defending himself during this second attack. (Id. ¶¶ 12, 13).

---

[1] In accordance with the standard of review for a motion to dismiss pursuant to Rule 12(b)(6), the court will present the facts as alleged in the complaint. See infra Part II. However, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action have been disregarded. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009); Santiago v. Warminster Twp., No. 10-1294, --- F.3d ---, 2010 WL 5071779, at *4 (3d Cir. 2010).

R.R. instituted this suit, by and through his legal guardian, on July 12, 2010, pursuant to 42 U.S.C. § 1983.  R.R. alleges Eighth Amendment cruel and unusual punishment and First Amendment retaliation claims against CO Stake, CO Rose, and CO Bardner.  Defendants (collectively "the COs") filed the instant motion (Doc. 12) to dismiss on September 13, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The COs assert that R.R. failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), that R.R. fails to state cognizable First and Eighth Amendment claims, and that the COs are entitled to qualified immunity.  The motion has been fully briefed and is now ripe for disposition.

## II.     **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached

to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., No. 10-1294, --- F.3d ---, 2010 WL 5071779, at *4 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009)) Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, --- U.S. at ---, 129 S. Ct. at 1949. When the complaint fails to present a *prima facie* case of liability, however, courts should

4

generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.  Discussion**

The court's analysis of defendants' Rule 12(b)(6) motion is hindered by the failure of counsel on both sides to brief the pending issues with any depth. As a threshold matter, the court could attribute this failure to the fact that the Third Circuit decided Santiago, --- F.3d ---, 2010 WL 5071779, after briefing concluded on the pending motion. To remedy such a circumstance, the court could require supplemental briefing and revisit the issues raised. The court believes such action is unwarranted.

To the contrary, the issues raised by defense counsel are facially meritorious. As defense counsel properly notes, there is a statutory obligation to exhaust administrative remedies and the Eighth Amendment technically does not apply to

5

pretrial detainees.² Nonetheless, the parties' briefs are unhelpful and conclusory on the issues. For that reason, the court will deny the motion *in toto*.

Given the Prison Litigation Reform Act exhaustion requirement, see 42 U.S.C. § 1997e(a), the court suggests the parties make a good faith effort to meet and confer on the issue of exhaustion. R.R. should consider voluntarily dismissing the complaint without prejudice pending the filing of requests for administrative remedies pursuant to the Dauphin County Prison grievance system.³ Should the parties choose to continue litigating the present matter, the court will reconsider

---

² See 42 U.S.C. § 1997e(a) (Prison Litigation Reform Act exhaustion requirement), and Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977) (stating that "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). See also Hubbard v. Taylor, 399 F.3d 150, 158 n.13 (3d Cir. 2005) (claims by a pretrial detainee of unlawful punishment properly raised under the Fourteenth Amendment).

Of note, although the Eighth Amendment does not apply to pretrial detainees, the Supreme Court has made clear that a pretrial detainee's Fourteenth Amendment rights are "at least as great as the Eighth Amendment protections available to convicted persons." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983); see also Texter v. Merlina, Civ. A. No. 1:04-CV-0173, 2007 WL 2783165, at *5 (M.D. Pa. Sept. 21, 2007). Therefore, Eighth Amendment case law provides a "floor of sorts" for analyzing a pretrial detainee's Fourteenth Amendment rights. Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000) (citing Kost v. Kozakiewicz, 1 F.3d 176, 188 n.10 (3d Cir. 1993)).

³ This court recently adopted a report and recommendation that explains the Dauphin County Prison grievance system. See Mangus v. Dauphin Cnty. Prison, Civ. A. No. 1:09-CV-1881, 2010 WL 521114 (M.D. Pa. Feb. 9, 2010). An inmate must follow four steps to exhaust his administrative remedies: (1) submit a grievance for review and determination by the Warden; (2) appeal the Warden's decision to the Chairman of the Dauphin County Prison Board of Inspectors ("DCPBI"); (3) appeal the Chairman's decision to the full DCPBI; and (4) appeal the DCPBI's decision to the Dauphin County Solicitor. Id. at *7; see also Montgomery v. Derose, No. 4:CV-08-2021, 2009 WL 2594079, at *4-5 (M.D. Pa. Aug. 20, 2009).

6

the issues raised by defendants on a Rule 56 motion subsequent to the development of a factual record.

## IV. Conclusion

For the foregoing reasons, the court will deny the motion to dismiss.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: January 24, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **R.R., A Minor by and through ROCHELLE RICHARDSON, his guardian** | : | **CIVIL ACTION NO. 1:10-CV-1442** |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **CORRECTIONS OFFICER CHAD STAKE, CORRECTIONS OFFICER MANNIE ROSE, and CORRECTIONS OFFICER CO BARDNER** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 24th day of January, 2011, upon consideration of defendants' motions to dismiss (Doc. 12), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 12) to dismiss is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge