# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R.R., a minor by and through  
ROCHELLE RICHARDSON, his guardian :

      **Plaintiffs**

v.                           1:10-CV-1442  
                             (JUDGE MARIANI)

CHAD STAKE, EMMANUEL ROSE,  
EDWARD BARDER

      **Defendants**

## MEMORANDUM AND ORDER

### I. Introduction

Before the Court is Defendant's Motion for Summary Judgment (Doc. 33). For the reasons that follow, the Court will grant it.

### II. Statement of Facts and Procedural History

Plaintiff[1] brings this 42 U.S.C. § 1983 claim against Defendants for violations of his First and Eighth Amendment rights (retaliation and cruel and unusual punishment). Judge Conner denied Defendants' Motion to Dismiss (Doc. 18), but not because Defendants' motion lacked merit. In his decision, he "suggest[ed] the parties make a good faith effort to meet and confer on the issue of exhaustion. R.R. should consider voluntarily dismissing the complaint without prejudice pending the filing of requests for administrative remedies

---

[1] Though the caption indicates there are two plaintiffs in this case, for convenience, the Court will refer to R.R. and his guardian as "Plaintiff" because it is R.R's interests that are clearly at stake.

1

pursuant to the Dauphin County Prison grievance system." The parties could not come to an agreement, and Defendants filed the pending Motion for Summary Judgment (Doc. 33).

Plaintiff was a minor at the time he filed this action, but he reached the age of majority on April 12, 2011. The incidents occurred while he was in pre-trial detention: he alleges that on three separate occasions, he was assaulted by the defendant correctional officers ("COs").

First, on April 29, 2010, Plaintiff was involved in a physical altercation with Defendant Barder. He alleges a claim of "unlawful beating" constituting cruel and unusual punishment under the Eighth Amendment. However, on December 1, 2010, Plaintiff pled guilty to aggravated assault against Defendant Barder arising out this incident. (Doc. 33, Ex. A, at 43; Doc. 34, Ex. C; Doc. 34, Ex. D).

Next, Plaintiff claims that on May 6, 2010, Defendant Stake "speedballed"[2] him from the interview room and down the hall and slammed his face against the wall in retaliation for what Plaintiff told Detective Goshert about Plaintiff's previous incident with Defendant Barder. The prison investigated, and the reviewing officer looked at the video of the hallway and stated "at no time did anyone 'drag' Richardson down the hall." (Doc. 34, Ex. E, at 6). According to the officer, Plaintiff also had no injury to his lips. (*Id.* at ¶ 5; p. 8). Color photographs also show no injuries to his lips, but they show very small injuries to the backs

---

[2] At his deposition, Plaintiff described "speedballing" as when COs "they handcuff you in the back, they bend you over, your arms is in the air . . . and your face is almost touching the ground and your knees are bent . . . You can only walk so fast and they drag you." *See* (Doc. 33, Ex. A, 33-34).

of his ankles. (Doc. 34, Ex. E-1). The color photos are not time-stamped, but they are identical to the black-and-white photos contained in the incident report.

Finally, on May 24, 2010, various COs used the restraint chair on Plaintiff to prevent an alleged suicide attempt (Doc. 35, Ex. A to Ex. G). Defendant Rose arrived after Plaintiff had already sustained self-inflicted injuries. (*Id.*) Plaintiff allegedly told the evaluating physician's assistant on May 25, 2010 that "I tried to kill myself by hangin' up and slammed my head against the door." (Doc. 35, Ex. F, at 75). Plaintiff later denied that he was trying to kill himself, but he alleges that on June 1, 2010, Defendant Rose assaulted him for talking to Detective Goshert. The prison conducted another investigation and concluded that the injuries Plaintiff had on June 1, 2010 were the same ones he had sustained in his suicide attempt the week before. (Doc. 36, Ex. H).

In support of Defendant's Motion for Summary Judgment (Doc. 33), Warden Dominick DeRose submitted a sworn affidavit stating that a review of Plaintiff's file shows no grievances filed against any of the above-named Defendants as required by the Inmate Handbook (Doc. 36, Ex. I, ¶¶ 4-7). Plaintiff admits he received a copy of the Handbook (Doc. 43, ¶ 18), and he also claims that he filed a grievance against Defendant Barder (Doc. 33, Ex. A, 57:18-19). However, he does not remember when he filed it. (*Id.* at 58:25). He is unsure whether he ever filed one against Defendant Stake, but he is positive he did *not* file one against Defendant Rose. (*Id.* at 59:5-9).

3

### III. Analysis

*A. Standard of Review for Summary Judgment*

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

*B. Plaintiffs' Guilty Plea: Defendant Barder*

According to the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994),

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983* (emphasis added).

Although *Heck* and its progeny apply more directly to malicious prosecution cases, their reasoning applies here, as well. Because Plaintiff is seeking damages in a § 1983 suit (Doc. 1), "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Plaintiff is seeking damages under the Eighth Amendment for Defendant's Barder's alleged "unlawful beatings" (Doc. 1) against him on April 29, 2010. Plaintiff, however, pled guilty to aggravated assault in connection with that event. If the Court allowed Plaintiff to proceed, then by logical extension, the validity of his guilty plea would be called into question. *See Felix v. Kintock Group*, 297 Fed. Appx. 131, 136 (3d Cir. Oct. 30, 2008) ("Feliz's Eighth Amendment claim is barred by the favorable termination rule of *Heck v. Humphrey*, since any success on his excessive force claim

would necessarily call into question his conviction for aggravated assault for the same incident.") (internal citations omitted).

So, before Plaintiff's Eighth Amendment claim for damages against Defendant Barder can proceed, the Court would have to find that Plaintiff's guilty plea to aggravated assault on Defendant Barder is somehow invalid. Plaintiff has not met this threshold. Thus, with respect to any claims against CO Barder, Plaintiff's guilty plea to aggravated assault[3] precludes him from bringing suit against Barder under § 1983 for a claim arising from the events of April 29, 2010.

### C. Failure to Exhaust Administrative Remedies: Defendants Stake and Rose

In addition, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e) requires all prisoners to exhaust all administrative requirements before resorting to the courts. Mangus v. Dauphin County Prison, No. 1:09-CV-1881, 2010 WL 521114 *7 (M.D. Pa. Feb. 9, 2010) laid out the four steps a prisoner needs to follow to exhaust his administrative remedies within the Dauphin County prison system: (1) submission of a grievance for review and determination by the Warden; (2) an appeal of the warden's decision to the Chairman of the Dauphin County Prison Board of Inspectors; (3) an appeal of the Chairman's decision to the full Dauphin County Prison Board of Inspectors; (4) an appeal from the Prison Board's decision to the Dauphin County Solicitor.

---

[3] 18 Pa. C.S. §2702(a)(3).

While Plaintiff claims to have filed a grievance against Defendant Barder (Doc. 33, Ex. A, 57:18-19), he testified at his deposition that he was not sure if he filed a grievance against Defendant Stake, but he was sure he had *not* filed one for Defendant Rose. (Doc. 33, Ex. A, 59:5-9). Warden Dominick DeRose submitted a sworn affidavit stating that a review of Plaintiff's file shows no grievances filed against *any* of the above-named Defendants. (Doc. 36, Ex. I, ¶¶ 4-7). The Court finds that while the grievance against Defendant Barder may be in doubt, Plaintiff never filed a grievance against Defendants Stake and Rose, so he failed to initiate (let alone exhaust) his administrative remedies.

## IV. Conclusion

Because Plaintiff has never filed a grievance against Defendants Stake or Rose, the Court will not decide the merits of his claims against them at this time. As far as Plaintiff's complaint against Defendant Barder, Plaintiff's guilty plea to aggravated assault precludes him from bringing a § 1983 claim against Barder arising out of the incident on April 29, 2010.

Robert D. Mariani
United States District Judge

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R.R., a minor by and through ROCHELLE RICHARDSON, his guardian : <br><br> **Plaintiffs** <br> v. <br><br> CHAD STAKE, EMMANUEL ROSE, EDWARD BARDER <br><br> **Defendants** | : <br> : <br> : <br> : <br> : 1:10-CV-1442 <br> : (JUDGE MARIANI) <br> : <br> : <br> : <br> : |

## ORDER

**AND NOW**, to wit, this **13TH DAY OF MARCH, 2012,** upon consideration of Defendants' Motion for Summary Judgment (Doc. 33), **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (Doc. 33) is **GRANTED**.

2. **SUMMARY JUDGMENT IS ENTERED IN FAVOR OF DEFENDANT BARDER AND AGAINST PLAINTIFF WITH PREJUDICE.**

3. **SUMMARY JUDGMENT IS ENTERED IN FAVOR OF DEFENDANTS STAKE AND ROSE AND AGAINST PLAINTIFF WITHOUT PREJUDICE.**

4. The Clerk of Court is hereby directed to **CLOSE** the case.

Robert D. Mariani
United States District Judge